UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana

UNITED STATES OF AMERICA                                                CRIMINAL

VERSUS                                    FILED MAR 25 2008              NO.: 08-74

Devern Morgan        LORETTA G. WHYTE        SECTION: MAG
                            Clerk

O R D E R

IT IS ORDERED that the above named defendant be given a

medical examination and/or treatment in relation to the following:

*Pain in his nose*

*blood in his throat*

_____

Said examination or treatment is to be provided on or before

*ASAP*

IT IS FURTHER ORDERED that the United States Marshal deliver

a copy of this order to the Sheriff of _____

Parish without delay.

New Orleans, Louisiana, this 25th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

R E T U R N

I hereby certify that I have served this Order on the Sheriff

of _____ Parish.  Service effected by hand

delivery upon _____.

Date _____

Signature of Deputy U. S. Marshal

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

FEE_____
PROCESS 3CC(08M)
DKTD_____
CtRmDep_____
DOCUMENT NO._____

**DEFENDANT'S EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT LA
FEB 25  1 06 PM '97
LORETTA G. WHYTE
CLERK

DAWNITA LYNNE HODGE,
Plaintiff

CIVIL ACTION

**97-0555**

VERSUS

NUMBER:

EDWARD LARYISSON, SHERIFF, TANGIPAHOA
PARISH, WILLIE GRAVES, SHERIFF,
LIVINGSTON PARISH SHERIFF, MERLON TYNES,
SHERIFF, ST. HELENA PARISH, THE TRI-PARISH
TASK FORCE, CITY OF HAMMOND, LOUISIANA,
THE HAMMOND POLICE DEPARTMENT,
DAVID GORMAND, CHAD SCOTT, KEITH,
BILLIOT, DENNIS PEAVEY, and TERRY WILD
Individually and in their official capacities,
Defendants

**SECT. N MAG. 4**

SECTION:

MAG. DIV.
JURY TRIAL

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, DAWNITA LYNNE

HODGE, who respectfully represents:

1.    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 2204 and

42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States

Constitution.  Supplemental jurisdiction is invoked as to matters cognizable under the

Constitution and laws of the State of Louisiana, including, but not limited to, LSA-C.C. arts.

2315, 2316, 2317 and 2320.

FEE 150.00
PROCESS
X CHARGE
INDEX
ORDER
HEARING
DOCUMENT No.

1

DEFENDANT'S
EXHIBIT
6

00255

## II. PARTIES

2.     The parties herein are:

a.     Plaintiff herein is DAWNITA LYNNE HODGE, a person of full age of majority and domiciled in the Parish of Tangipahoa, State of Louisiana. At all times relevant hereto, she was employed with the Hammond Police Department, in the capacity of police officer.

b.     Defendants herein are:

1. EDWARD LARYISSON, Sheriff of the Parish of Tangipahoa, Louisiana. He is the duly elected sheriff of the Parish of Tangipahoa and, as such, is the "policymaker" for the Department. His department, along with those of defendants, WILLIE GRAVES and MERLON TYNES, comprise the Tri-Parish Task Force.

2. WILLIE GRAVES, Sheriff of the Parish of Livingston, Louisiana. He is the duly elected sheriff of the Parish of Livingston and, as such, is the "policymaker" for the Department. His department, along with those of defendants, EDWARD LARYISSON and MERLON TYNES, comprise the Tri-Parish Task Force.

3. MERLON TYNES, Sheriff of the Parish of St. Helena, Louisiana. He is the duly elected sheriff of the Parish of St. Helena and, as such, is the "policymaker" for the Department. His department, along with those of defendants, EDWARD LARYISSON and WILLIE GRAVES, comprise the Tri-Parish Task Force.

4. THE CITY OF HAMMOND, LOUISIANA, a political subdivision of the State of Louisiana, with the capacity to sue and be sued.

5. THE HAMMOND POLICE DEPARTMENT, an agency of the City of Hammond, Louisiana, and the employer of defendants, DENNIS PEAVEY.

00256

6.   THE TRI-PARISH TASK FORCE, an unincorporated association consisting of the sheriff departments of TANGIPAHOA, LIVINGSTONE and ST. HELENA PARISHES. At all times relevant hereto, defendants, GORMAN, SCOTT, BILLIOTT, WILD and JOHN DOE, were employed by, under the supervisions of and/or assigned to the TRI-PARISH TASK FORCE

7.   DAVID GORMAN, a person of full of majority who, at all times relevant hereto, was employed with the Tri-Parish Task Force, in the capacity of supervisor. He is sued in both his individual and official capacities.

8.   CHAD SCOTT, a person of full age of majority and a resident of the City of Hammond, Parish of Tangipahoa, State of Louisiana; at all times relevant hereto, he was employed with the Tri-Parish Task Force, in the capacity of detective. He is sued in both his individual and official capacities.

9.   KEITH BILLIOT, a person of full age of majority and a resident and domiciliary of the State of Louisiana. At all times relevant hereto, he was employed with the United States Drug Enforcement Agency, and assigned to the Tri-Parish Task Force. He is sued in his individual and official capacities.

10.   DENNIS PEAVEY, a person of full age of majority and a resident of the City of Hammond, Parish of Tangipahoa, State of Louisiana; at all times relevant hereto, he was employed with the Hammond Police Department, in the capacity of police officer. He is sued in his individual and official capacities.

11.   TERRY WILD, a person of full age of majority and a resident of the City of Hammond, Parish of Tangipahoa, State of Louisiana; at all times relevant hereto, she was employed with the Tri-Parish Task Force, in the capacity of detective. She is sued in her individual and official capacities.

12.   JOHN DOE, unknown, but identifiable, person(s) of full age of majority and, at all times relevant hereto, employed with the Tri-Parish Task Force, the Tangipahoa, Livingston or St. Helena Sheriff Departments, or the Hammond Police Department. They are sued in their individual and official capacities.

3

00257

### III.  FACTS

3.    Plaintiff is a resident of the Parish of Tangipahoa, having relocated there as a child, from the City of Washington,D.C., where she been born on May 31, 1971.  She was educated in the public school system of said parish, having graduated from Hammond Senior High School, in 1991.  She attended and was graduated from Southeastern Louisiana University, Hammond, Louisiana, in 1989; she earned a degree in the field of criminal justice.

4.    From 1989 until around May, 1995, plaintiff was employed with Winn-Dixie, in the capacity of assistant cashier/office clerk.  At the time of her departure, she was earning an hourly wage of $7.05.

5,    In May, 1995, plaintiff joined the Hammond Police Department.  She received her POST training and certification in November, 1995.  She is presently classified as "Patrol Police Officer," assigned to a unit.

6.    During the period of her employment with the Hammond Police Department, plaintiff has maintained an exemplary performance record; she has never been the subject of any disciplinary action by the Department.

7.    Plaintiff has maintained an unblemished record as a private citizen, never having been arrested by nor the subject of an investigation by any law enforcement agency(ies).

8.    Plaintiff's exemplary performance record as a law enforcement officer, and her unblemished record as a private citizen notwithstanding, unconstitutional and unlawful actions were perpetrated against her by defendants, on December 6, 1996, at approximately 4:15 PM, which will forever adversely impact her life.

4

00258

9.      On December 6, 1996, at approximately 4:15 PM, plaintiff was awakened from a restful sleep by a "rumbling" sound.  Initially plaintiff thought that a fight was occurring right outside of her apartment.  Before she was able to determine exactly what was transpiring, the front door to her apartment collapsed.  Frightened, she rolled out of the bed and stood in the middle of the room, wearing nothing but her bra and undergarments.

10.     Much to plaintiff's shock and bewilderment, three (3) individuals entered her bedroom -- defendants Billiot, Terry Wild and John Doe(s).  Defendant Gorman remained at the door, holding a shield in his hand.  In a very coercive and threatening manner, defendant Gorman shouted to plaintiff, "Get on the floor! Get on the floor!"

11.     Plaintiff, believing that defendants had made a mistake, screamed several times that she was a police office, employed with the Hammond Police Department, but to no avail; she somehow was thrown to the floor, face down.  Plaintiff was still in her bra and undergarments.  Defendant Billiot then proceeded to place plaintiff in further fear for her safety and well-being.  In a cold and calculating manner, he placed his loaded gun to her face.  Keeping the loaded gun to her face, he stated, "Look, I know you are a police officer.  Where is your duty weapon?"

12.     While plaintiff remained on the floor, handcuffed, and in her undergarments, defendant officers searched the house.  Plaintiff, seeing defendant Scott, asked him what was the problem, several times.  Finally, he responded by stating, "Where's Andre?  Where's the dope?"  Plaintiff said that she did not know who or what he was talking about.  Defendant then stated that they were looking for Andre Felder.  Upon hearing the name Felder, plaintiff responded that she did not know where he was, because she did not associate with him.

00259

13.   Defendant Scott left the area but, prior to doing so, instructed defendant Peavey to remove the handcuffs from plaintiff's hand. After they were removed, she was allowed to clothed herself.

14.   After permitting plaintiff to dress, defendants Wild and Billiott, in a very coercive and threatening manner, stated, inter alia, to plaintiff, "you know what's going on." Defendant Billiot persisted in his badgering of plaintiff, stating to her, "You are just as much of a suspect as they are. If we find drugs you are going to jail, also!"

15.   Notwithstanding the fact that plaintiff told defendants that she did not asociate with Andre Felder, and that he did not reside at her apartment, they continued to badger, threaten and harass her. Defendant Scott engaged in trickery and deceit in attempting to get plaintiff to state that she knew Andre Felder and was aware of his alleged involvement in drug activities. He stated to plaintiff that "We are on the same side. Tell me what you know about it. We know that there are drugs in your house." Defendant Scott's statement regarding the presence of drugs in plaintiff's apartment was a blatant lie, for at no time was or has there ever been drugs maintained in plaintiff's apartment.

16.   To add insult to the physical and psychological injuries already sustained by plaintiff, defendant Scott gave plaintiff a copy of the search warrant and stated, " If Felder arrives with a gray bag, put your revolver to his head, seize the bag, and telephone him [Scott]." He further stated, "you are a police officer; you can do that." Defendant heretofore had treated plaintiff like a criminal, not a police officer.

6

00260

17.     As defendants were leaving plaintiff's apartment, Eugene Hodge, plaintiff's brother, and Reginald Felder, not Andre Felder, arrived, in Eugene's vehicle. Neither Eugene nor Reginald resided with plaintiff.

18.     Eugene Hodge's car was searched thoroughly by defendant without a trace of drugs being discovered. Defendant proceeded to search Reginald's car with the same result -- no trace of drugs discovered. Neither was placed under arrest by defendants notwithstanding the fact that defendant Scott told Reginald that an informant had "pinpointed him to a T."

19.     Defendants finally departed, but only after having caused extensive damage to plaintiff's apartment, and plaintiff's physiological and psychological well-being. Plaintiff was scheduled to appear for duty that night, but, because of traumatic expeience that she had undergone, she was unable to do so. She telephoned her supervisor, Sergeant Keith Baker, and advised him that she would not be able to come to work that night, or on the weekend. Plaintiff was compelled to miss more days from work.

20.     She commenced and is presently being examined and treated by a qualified health care provider. She is currently on medication, for the emotional and psychological stress caused by the actions of defendants.

21.     Since the incident plaintiff has experienced a great deal of difficulty sleeping; on occasions, she has had to request that a friend spend the night with her; when alone, she cries frequently. She experiences difficulty reporting to work each day, in light of what was done to and said about her. Defendant Peavey, who was present when plaintiff was clad only in her bra and undergarments, was overheard giving vivid descriptions of plaintiff's body.

7

22.     Information pertaining to the raid on plaintiff's home, and the search for drugs, was widely reported in the media -- both television and newspaper.

23.     During the unlawful and unconstitutional search of plaintiff's home, the seizure of and use of excessive force on her person, none of the defendants made an effort to bring it to a halt, notwithstanding their duty to do so.  Defendant Gorman permitted, participated in, authorized and/or acquiesced in the violation of plaintiff's rights.  He failed to supervise properly the raid on plaintiff's home.  He permitted the defendant officers to do as desired, with no regard for the rights and feelings of plaintiff.

24.     There was no basis nor probable cause for the forcible entry of plaintiff's apartment and the use of excessive force on her person.  The warrant upon which the forcible entry was predicated was defective in several particulars, including, but not limited to the following: (a) it was signed by Judge Kofler, a city court judge with no jurisdiction over district court matters; (b) the alleged informant lacked "reliability" or "credibility;" (c.) the omission by defendant Scott of facts which were clearly critical to a finding of probable cause, to wit: the unreliability or lack of credibility of the alleged confidential informant.

25.     At all times relevant hereto, defendant officers were acting within the course and scope of their employment with the Tangipahoa, Livingston and St. Helena Sheriff Departments, Tri-Parish Task Force, the Hammond Police Department, and the United States Drug and Enforcement Agency.

26.     At the time of the act herein complained of, it was contrary to the constitution and laws of the United States, as well as the State of Louisiana, to subject a person to an unreasonable search and seizure, and to use excessive force on a person in executing a search warrant.

8

00262

## IV. STATEMENT OF CLAIM

27.     Defendants, acting under color of state law, unlawfully pursued a policy and practice of depriving plaintiff of her constitutional and statutory rights.

28.     Defendants, GORMAN, SCOTT, PEAVEY, WILD, and JOHN DOE(S), violated 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and CC art. 2315 by orchestrating, conducting, condoning, ratifying and/or participating in an illegal and unlawful search of plaintiff's home, and seizure of her person, without probable cause.

29.     Defendants, GORMAN, SCOTT, PEAVEY, WILD, and JOHN DOE(S), violated 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and CC art. 2315 by orchestrating, conducting, condoning, ratifying and/or participating the application of excessive force on plaintiff in the execution of the search warrant on her apartment.

30.     Defendant, SCOTT, violated 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and CC art. 2315 by knowingly and intentionally swearing out an affidavit for the search warrant, knowing that said affidavit contained omissions that were clearly critical to a finding of probable cause.

31.     Defendant, GORMAN, violated 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and CC art. 2315 by knowingly and intentionally failing and/or refusing to supervise defendant Scott in the swearing out an affidavit for the search warrant on plaintiff's apartment, knowing that said affidavit contained omissions that were clearly critical to a finding of probable cause.

9

00262

32.    Defendant BILLIOT violated the Fourth and Amendment to the United States Constitution and CC art. 2315 by orchestrating, conducting, condoning, ratifying and/or participating in an illegal and unlawful search of plaintiff's home, and seizure of her person, without probable cause.

33.    Defendants BILLIOT violated the Fourth Amendment to the United States Constitution and CC art. 2315 by orchestrating, conducting, condoning, ratifying and/or participating in the application of excessive force to plaintiff's person during the execution of the search warrant on her apartment.

34.    Defendants, GORMAN, SCOTT, PEAVEY, WILD, JOHN DOE(S), and BILLIOT, each had an affirmative duty to prevent each other from violating plaintiff's constitutional and statutory rights. In failing to do so, they violated plaintiff's rights pursuant to the Fourth and/or Fourteenth Amendments to the United States Constitution, and/or 42 U.S.C. §1983, and/or CC art. 2315.

35.    Defendants, GORMAN, SCOTT, PEAVEY, WILD, JOHN DOE(S), and BILLIOT, individually and/or collectively intentionally caused plaintiff to suffer severe emotional distress.

36.    Defendants, EDWARD LARYISSON, Sheriff, Tangipahoa Parish, WILLIE GAINES, Sheriff, Livingston Parish, and MERLON TYNES, Sheriff, St. Helena Parish, individually and/or collectively, in the form of the TRI-PARISH TASK FORCE, had and presently have a custom, policy, practice and procedure of negligently and inadequately hiring,

10

00264

training, supervising and retaining employees, particularly defendants herein, Gorman, Scott, Peavey, Wild, and John Doe(s); said negligent and inadequate hiring, training, supervision and retention of said defendants gave rise to the constitutional and statutory violations set forth herein.

37.     Defendants, EDWARD LARYISSON, Sheriff, Tangipahoa Parish, WILLIE GAINES, Sheriff, Livingston Parish, and MERLON TYNES, Sheriff, St. Helena Parish, individually and/or collectively, in the form of the TRI-PARISH TASK, condoned, ratified, approved and/or otherwise acquiesced in the unlawful search of plaintiff's home, the excessive use of force on plaintiff, and the intentional infliction of severe emotional distress upon plaintiff.

38.     Defendants, EDWARD LARYISSON, Sheriff, Tangipahoa Parish, WILLIE GAINES, Sheriff, Livingston Parish, and MERLON TYNES, Sheriff, St. Helena Parish, individually and/or collectively, in the form of the TRI-PARISH TASK FORCE, condoned, ratified, approved and/or acquiesced the actions of defendant, in the swearing out of an affidavit in support of his application for a search warrant on plaintiff's home, which omitted facts critical to a finding of probable cause.

39.     Defendants, EDWARD LARYISSON, Sheriff, Tangipahoa Parish, WILLIE GAINES, Sheriff, Livingston Parish, and MERLON TYNES, Sheriff, St. Helena Parish, individually and/or collectively, in the form of the TRI-PARISH TASK FORCE, are liable for the actions of defendants, GORMAN, SCOTT, PEAVEY, TERRY WILD, JOHN DOE(S), under the principle of "respondeat superior."

11

40.     In doing the acts herein complained of, defendants intentionally, willfully, maliciously and wantonly deprived plaintiff of her constitutional and statutory rights.

## V. RELIEF

41.     WHEREFORE, Plaintiff prays that the Court:

a.     Enter a declaratory judgment that the aforementioned facts and practices of defendants are in violation of the Constitution and laws of the United States of America and the State of Louisiana.

b.     Enter judgment herein in favor plaintiff, and against defendants, awarding her special, general and punitive damages in an amount deemed fair and equitable.

c.     Award plaintiff the cost of this litigation, together with reasonable attorney's fees.

## VI. TRIAL BY JURY

42.     Plaintiff requests a trial by jury  as to all issues so triable.

_Ronald Wilson_

RONALD L. WILSON (#13575)
210 Baronne Street
Suite 1800
New Orleans, LA.  70112
PH:   (504) 525-4361
FAX: (504) 525-4380

COUNSEL FOR PLAINTIFF

12

00266

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV -7 PM 2: 35

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
NOVEMBER 7, 2000

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWNITA LYNNE HODGE | CIVIL ACTION |
| VERSUS | NO: 97-555 |
| EDWARD LAYRISSON, SHERIFF, TANGIPAHOA PARISH, ET AL. | SECTION: "J"(1) |

A key issue in this case is whether defendants' search of plaintiff's home, pursuant to a warrant, was legal. Defendants contend that the search warrant was properly supported by a probable cause affidavit. Plaintiff sought production[1] of the affidavit, but defendants responded that they were unable to locate it. Alternatively, plaintiff sought the identity of the confidential informant who allegedly provided the information

---

[1] In April 1999, before this case was stayed pending the interlocutory appeal by defendant Keith Billiot, plaintiff filed various discovery motions with this Court.





DATE OF ENTRY

NOV - 7 2000

Fee
Process
X Dktd
CtRmDep
Doc.No.

upon which the probable cause affidavit was based.

In light of the approaching trial date and defendants' pending motion to dismiss (Rec. Doc. 147), which may hinge at least in part upon the validity of the search warrant, defendants are **ORDERED** to either (1) produce the original probable cause affidavit or a copy thereof, or alternatively, (2) identify and produce for deposition the confidential informant who allegedly provided the information upon which the affidavit was based. Defendants are to comply with this order <u>**no later than 5:00 p.m. on Monday, November 13, 2000**</u>.  The Court will consider defendants' motion to dismiss at the pre-trial conference scheduled for November 16, 2000.

* * * * * * * *

2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 20  AM 9: 07

LORETTA G. WHYTE
CLERK

# RONALD L. WILSON
**ATTORNEY AT LAW**

Licensed in:
Louisiana
Colorado
Oregon
New York
Washington, D.C.

FNBC Building – Suite 1800
210 Baronne Street
New Orleans, Louisiana 70112
Phone [504] 525-4361
Fax   [504] 525-4380

November 14, 2000

**FAX: 589-4536**

Honorable Carl J. Barbier
Judge, Section "J"
United States District Court
500 Camp Street
New Orleans, Louisiana 70130

      Re:   Dawnita Hodge vs. Edward Layrisson, et al
            <u>USDC ED/LA, NO. 97-0555, SECTION "J"(4)</u>

Dear Judge Barbier:

      Please accept this letter as plaintiff's response to the motion for protective order filed by defendants, seeking to limit, if not cancel altogether, the deposition of their alleged confidential informant.

      By order dated November 7, 2000, you ordered the defendant to (1) make available to plaintiff the original, or duplicate thereof, of the affidavit executed in support of the search warrant executed on December 6, 1996, or, alternatively, (2) to present the alleged confidential informant for deposition no later than Monday, November 13, 2000. I conferred with Scott Vincent, counsel for defendants, on Thursday, November 9, 2000, and was advised of his intention to seek a protective order. As a courtesy to Mr. Vincent, I agreed to refrain from issuing the notice of deposition for his alleged confidential informant, pending an expedited determination relative to his motion for protective order.

      I received a copy of his motion today and, admittedly, was taken aback by some of the contentions. First, he states that the "discovery deadline in this matter expired on October 10, 2000. At the time the Order was issued, there was no pending motion to compel production and/or identification of the confidential informant."[1] Regarding the expiration of the discovery deadline, I am disturbed that counsel for defendant would raise such an issue, having been the

---

[1]      *See* Motion for Protective Order and Incorporated Memorandum, ¶ II ["Motion"]. *See*





Process
X  Dktd
____ CtRmDep
Doc.No. 159

Hon. Carl J. Barbier
November 14, 2000
Page 2

recipient of two recent courtesies extended by me: (1) he was permitted to file an out-of-time motion to dismiss, motion for summary judgment and motion in limine, which are presently pending before the court, and (2) he was allowed to delay the production of his alleged confidential informant, pending a ruling by the court on his motion for protective order. In neither instance was I required to extend any courtesies to him. Believing that a case should be decided on the merits, not technicalities, I, without equivocation, consented to Mr. Vincent's request. The fact that he would raise a technical objection after having been a beneficiary of my largess is disturbing.

Regarding his contention that there was no pending motion to compel production and/or identification of the confidential informant, he is clearly wrong. A check of the record would resolve this matter. As reflected by the record, on April 1, 1999, hand delivered to your office were the original and one copy of Plaintiff's Motion to Compel Answers to Interrogatories, Response to Request for Production, and for Costs and Attorney's Fees and 37.1 Certificate.[2] There was never a ruling on this motion, for immediately after you denied defendant's, Keith Billiot, motion for summary judgment, an interlocutory appeal was taken, staying all proceedings. Thus, contrary to Mr. Vincent's contention, there was in fact a pending motion at the time of your order.

Second, Mr. Vincent contends that "Chad Scott filed written discovery responses on July 25, 1997 stating that the information upon which the search warrant was based was provided by a confidential informant who was extremely reliable and who had provided information to local law enforcement officers in previous years that led to countless arrests and convictions of drug dealers in the Tangipahoa Parish area. ****** In the intervening three (3) years that have elapsed since the information was provided to plaintiff, plaintiff has taken no steps to depose the confidential informant."[3] This contention is patently untrue. Chad Scott never provided the name of the alleged confidential informant. In an attempt to discover the identity of the alleged confidential informant, plaintiff propounded a second set of interrogatories to defendant, Chad Scott, asking him to "[p]lease state whether [he] [is] acquainted, associated or ha[s] a working relationship with any and/or all of the following individuals, setting forth the nature, extent and duration of the relationship: [1] KENNETH McGOWAN, [2] JUNE NELSON, [3] ISIAH GRADY, [4] WILLIAM GRADY [AND] [5] CHARLES GRADY."[4] In the same set of interrogatories, plaintiff asked defendant Scott to state "whether any or all of [said individuals] served as a reliable

---

[2]    See "P-1," [Copy of the cover letter dated April 1, 1999]

[3]    See Motion, *id.* at ¶ V.

[4]    See Plaintiff's Second Set of Interrogatories to Defendant, Chad Scott, Interrogatory No. 1.

Hon. Carl J. Barbier
November 14, 2000
Page 3

confidential informant, paid or otherwise, in the incident giving rise to plaintiff's lawsuit. If so, please identify which individual(s), and [they] [were] present at the time of the execution of the search warrant, or in the immediate vicinity thereof."[5]

Defendant refused to answer said interrogatories, requiring plaintiff to file the motion to compel, on April 1, 1999. Had the information been provided, the need for the motion to compel would have been obviated. So, contrary to defendant's assertion, plaintiff has not been in possession of information identifying the alleged confidential informant.

Third, Mr. Scott strangely asserts that "[t]he reliability of the informant can be obtained from Agent Scott, and of the officers that participated in the drug raid, and from Judge Kofler, who issued the search warrant."[6] This assertion is meritless on its face, not requiring much discussion. Why should plaintiff have to accept defendants' word as to the reliability of the alleged confidential informant? What are defendants are to say – that he was unreliable? Further, Judge Kofler has no way of knowing whether the alleged confidential informant is reliable. He, similar to many judges signing warrants, relied on the word of the police officer that the alleged confidential informant was reliable. Deposing the defendants and Judge Kofler would not assist plaintiff in her efforts to determine the reliability of the alleged confidential informant.

Fourth, Mr. Scott mentions the fact that I "listed Kendrick McGowan as a witness in the Pretrial Order filed in March of 1999,"[7] attempting to create the impression that I have known since March of 1999 the identity of the alleged confidential informant. Mr. Scott, in so asserting, failed to apprise the court that I also listed June Nelson, Isiah Grady, Williams Grady, and Charles Grady. These are the same individuals referred to the plaintiff's motion to compel. At that time I did not know the identity of the alleged confidential informant, but, out of an overabundance of caution, listed those individuals whom I had been told may have had some contact with defendant, Chad Scott.

As of the date of this letter, I do not know with 100% certainty the identity of the alleged confidential informant. But, based upon conversations I have had during the past week, I strongly believes that if one exists, his name is Kendrick McGowan. I asked Mr. Vincent if Mr. McGowan were in fact the alleged confidential informant, and Mr. Vincent refused to deny or affirm the insinuation.

---

[5]    See Plaintiff's Second Set of Interrogatories to Defendant, Chad Scott, Interrogatory No. 2.

[6]    See Motion, id. at ¶ 6.

[7]    See Motion, id. at ¶ 4

Hon. Carl J. Barbier
November 14, 2000
Page 4

Finally, Mr. Vincent contends that the "confidential informant has contacted undersigned counsel and has expressed a fear to Agent Scott and to the undersigned counsel that his life, safety, and well-being will be greatly jeopardized if his/her identity is revealed in this litigation."[8] An informant is confidential only so long as no one knows that he is a confidential informant. Once it becomes known that he is an informant, there is no need for the court to protect his identity. It is respectfully submitted that the court should ask Mr. Vincent: Is Kendrick McGowan the alleged confidential informant? If so, he is no longer confidential and must be presented for a deposition.[9]

Defendants cannot have it both ways. They cannot argue that probable cause existed for the search of plaintiff's apartment, even though there is no affidavit, and then refuse to produce the alleged confidential informant on whose "tip" the affidavit was procured. The deposition of the alleged confidential informant must proceed.

Sincerely,

Ronald L. Wilson

RLW/dl
cc:   Scott Vincent
       Wayne Maldonado
       Dawnita Hodge

---

[8]    *See* Motion, *id.* at ¶ VIII.

[9]    There is a dispute as to where the deposition would take place. Mr. Vincent contends that it has to take place in Hammond, where the alleged confidential informant resides. The undersigned contends that it should be in New Orleans, where all three attorneys are located. It would be far easier to get one person to come to New Orleans than to have three journey to Hammond.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 14  PM 2: 07

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
NOVEMBER 14, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWNITA LYNNE HODGE                         CIVIL ACTION

VERSUS                                      NO: 97-555

EDWARD LAYRISSON, SHERIFF,
TANGIPAHOA PARISH, ET AL                    SECTION: "J"(1)

A telephone status conference was held this date to discuss
the Motion for Protective Order filed by Defendants in response
to the Court's November 7, 2000 Minute Entry.  Present were
Ronald Wilson for Plaintiff; and Scott Vincent and Wayne
Maldonado for Defendants.

At the conference, the Court **DENIED** Defendants' Motion for
Protective Order and advised counsel that the Court's original
order, issued via the November 7, 2000 Minute Entry, would stand.
Given that the original deadline of Monday, November 13, 2000,
expired without compliance, the Court **ORDERED** Defendants to

DATE OF ENTRY
NOV 1 4 2000

produce the confidential informant[1] for deposition at the law offices of Scott Vincent at **2:00 p.m., on Wednesday, November 15, 2000**.

* * * * * * *

---

[1] At the conference, Mr. Vincent confirmed the identity of the confidential informant.

2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 20 AM 9: 07

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
NOVEMBER 16, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWNITA LYNNE HODGE                          CIVIL ACTION

VERSUS                                       NO: 97-555

EDWARD LAYRISSON, SHERIFF,
TANGIPAHOA PARISH, ET AL.                    SECTION: "J"(1)

On this date the Court conducted a settlement/pre-trial

conference.  In attendance were Plaintiff Dawnita Lynne Hodge and

her counsel Ronald Wilson; and Scott Vincent and Wayne Maldonado

for Defendants.

At the conference, the Court, with consent of both parties,

engaged in settlement negotiations which ultimately lead to a

compromise of all claims.  The terms of the settlement were then

read into the record in open court.

* * * * * * * *

DATE OF ENTRY

NOV 2 0 2000



DEFENDANT'S
EXHIBIT
E

161

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE RICHARDSON<br>AND SANDRA RICHARDSON | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: **09-3963** |
| VERSUS | * | JUDGE: |
| | * | |
| | * | |
| RODNEY GEMAR, INDIVIDUALLY<br>AND THE CITY OF HAMMOND,<br>LOUISIANA | * | MAGISTRATE **SECT. C MAG. 5** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |

*********************************************************************

## COMPLAINT

COMES NOW, Willie Richardson, Plaintiff, complaining of the defendants, who would respectfully show the court as follows:

## PARTIES

### 1.

a) Plaintiff Willie Richardson is a natural person residing in Tangipahoa Parish, State of Louisiana, and during all relevant times was a resident of Tangipahoa Parish, and within the territorial jurisdiction of the Eastern District of Louisiana.

b) Plaintiff Sandra Richardson, the wife of Willie Richardson, is a natural person residing in Tangipahoa Parish, State of Louisiana, and during all relevant times was a resident of Tangipahoa Parish, and within the territorial jurisdiction of the Eastern District of Louisiana.

### 2.

The defendants are domiciled and have individual and/or corporate capacities as depicted



DEFENDANT'S
EXHIBIT
F

____ Fee _Pauper_
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No._____

below:

a) <u>Defendant Rodney Gemar</u> is a natural person and resident of Tangipahoa Parish, State of Louisiana and was a resident of Tangipahoa at all relevant times, and within the territorial jurisdiction of the Eastern District of Louisiana.

b) <u>Defendant City of Hammond</u> is a municipality located in Tangipahoa Parish, Louisiana and within the territorial jurisdiction of the Eastern District of Louisiana.

## JURISDICTION

### 3.

The court has Subject Matter Jurisdiction over this cause pursuant to Federal Question Jurisdiction 28 U.S.C § 1331, particularly 42 U.S.C. § 1983.

### 4.

The court has Pendent Jurisdiction over the state law claims in this action pursuant to Supplemental Jurisdiction 28 U.S.C. § 1367.

## VENUE

### 5.

Venue is proper pursuant to 28 U.S.C. § 1391(b). The acts giving rise to the causes of action occurred in the Eastern District of Louisiana; and the defendants reside in and/or may be found in the Eastern District of Louisiana.

## FACTS

### 6.

On June 20, 2008, a search warrant bearing the wrong address and signed by Hammond Police Department Detective Rodney Gemar was executed at the home of Mr. and Mrs. Willie Richardson.

7.

After the officers were advised of the error and asked to leave the premises, the officers failed to do so and detained the Richardsons for approximately forty-five (45) minutes thereafter.

8.

After the officers departed, Mr. Richardson noticed that some of his clothing had been searched and several hundred dollars in cash was missing.

9.

The Richardsons immediately went to the Hammond Police Department to find out where their money was and were made to wait for several hours.

10.

Rodney Gemar returned to Hammond Police Department and Plaintiff Willie Richardson questioned Gemar about the missing money in the presence of Gemar's supervisor, Lieutenant Keith Baker, not a defendant herein.

11.

Defendant Gemar ignored plaintiff and his request for an explanation of the missing money. Plaintiff told Gemar he should be fired or words to that effect.

12.

Although Plaintiff presented no threat to Gemar's safety, Gemar slammed Plaintiff to the concrete and choked him, stopping only after repeated orders from his supervisor to do so.

13.

Gemar's supervisor, however, did not intervene physically to protect Mr. Richardson's safety.

14.

Gemar then arrested Plaintiff and charged him with public intimidation and resisting arrest.

## 15.

The battery and choking of Willie occurred in the immediate presence of Sandra, who feared with others for the safety of Willie.

## 16.

Defendant Gemar performed the above acts in the course and scope of his employment with the City of Hammond.

## 17.

The City of Hammond has failed to discipline the officer(s) involved.

## COUNT ONE:

## <u>VIOLATION OF 42 U.S.C. 1983: ARREST</u>

## 18.

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 17 above with the same force and effect as if herein set forth.

## 19.

At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

## 20.

Acting under the color of law, Defendants worked a denial of Richardson's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

(a) by depriving Richardson of his liberty without due process of law, by

taking him into custody and holding him there against his will,

(b) by making an unreasonable search and seizure of his property without due process of law,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Richardson equal protection of laws,

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

### 21.

Defendants City of Hammond and the Hammond Police Department negligently trained Defendant Detective Rodney Gemar and his supervisor, Lieutenant K. Baker.

### 22.

Detective Rodney Gemar had an ulterior motive, namely, personal satisfaction and the discrediting of his accuser, for arresting Richardson and charging him with crimes he had not committed.

### 23.

There was no warrant for the arrest of plaintiff on June 20, 2008 by Detective Rodney Gemar. The arrest was without reasonable grounds for said Defendants to believe Richardson had committed an offense and Defendants knew they were without probable cause to arrest Richardson.

### 24.

No complaint, information, or indictment was sworn against Richardson alleging offenses

occurring prior to the moment Defendant Detective Gemar handcuffed Richardson and told him

he was under arrest.

### 25.

As a result of their **concerted unlawful and malicious arrest** by Defendants Detective

Gemar and the Hammond Police Department, Richardson was deprived of both his liberty and

property without due process of law and his right to equal protection of the laws, and the due

course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the

Constitution of the United States and 42 U.S.C. sec. 1983.

### COUNT TWO:

### <u>VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT</u>

### 26.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

### 27.

As a result of their **concerted unlawful and malicious detention and confinement**

of Richardson, Defendants Detective Gemar and the Hammond Police Department deprived

Richardson of both his right to his liberty without due process of law and his right to equal

protection of the laws, and the due course of justice was impeded, in violation of the Fifth and

Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

### COUNT THREE:

### <u>VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY</u>

### 28.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

### 29.

As a result of their **concerted unlawful and malicious conspiracy** of Defendants Detective Gemar and the Hammond Police Department, Richardson was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

### COUNT FOUR:

### VIOLATIONS OF 42 U.S.C. 1983:

### REFUSING OR NEGLECTING TO PREVENT

### 30.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

### 31.

At all times relevant to this Complaint, Defendant Detective Gemar, as police officers of the Hammond Police Department were acting under the direction and control of Defendant Rodney Gemar and Defendant City of Hammond.

### 32.

Acting under color of law and pursuant to official policy or custom, Defendants Rodney Gemar and the City of Hammond knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and/or discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance

with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Louisiana; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

### 33.

Defendants Rodney Gemar and the City of Hammond had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Rodney Gemar and the City of Hammond had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

### 34.

Defendants Rodney Gemar and the City of Hammond directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

### 35.

As a direct and proximate cause of the negligent and intentional acts of Defendants Rodney Gemar and the City of Hammond as set forth above, Plaintiff suffered physical injury,

loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

## COUNT FIVE:

### EXCESSIVE FORCE

**36.**

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

**37.**

Defendants instituted criminal process against the plaintiff with malice:

**(a)** Detective Gemar played an active part in the initiation of the criminal proceedings;

**(b)** Detective Gemar signed the criminal complaint against Richardson.

**38.**

The charges were not based upon probable cause, i.e. the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Richardson was guilty.

**39.**

Defendant City of Hammond is liable under the doctrine of respondeat superior.

## COUNT SIX:

### ABUSE OF RIGHT

**40.**

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

**41.**

Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

**42.**

Defendant Detective Gemar knew or should have known that the complaint initiated was groundless.

**43.**

Defendant Detective Gemar used the legal process with the ulterior purpose, to wit, for personal benefit.

**44.**

Defendant City of Hammond is liable under the doctrine of respondeat superior.

## COUNT SEVEN:

### VIOLATION OF LOUISIANA CONSTITUTION AND LAWS

**45.**

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

**46.**

At all times relevant herein, the conduct of all Defendants were subject to the Louisiana Civil Rights Act.

10

47.

Defendants Gemar, the Hammond Police Department, and the City of Hammond interfered with or attempted to interfere by threats, intimidation, or coercion with Plaintiff's exercise and enjoyment of his rights - e.g., his rights to his liberty, his right to property, to wit, his money taken from his home, and his right to due process - secured by the state and federal constitutions or laws of the United States and/or the State of Louisiana.

48.

Thus, under color of state, Richardson's liberty was threatened, and he was intimidated and coerced into not enforcing his right not to have his property taken without due process of law.

49.

Defendants Rodney Gemar, individually, and the City of Hammond are liable individually and under the doctrine of respondeat superior, respectively.

50.

As a direct and proximate result of the conduct of the Defendants, Richardson was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

## COUNT EIGHT:

## FALSE ARREST AND IMPRISONMENT

51.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

11

**52.**

At all times relevant herein, (a) the Defendants acted with the intention of confining Richardson within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Richardson was conscious of the confinement.

**53.**

Defendant Detective Gemar imposed by force or threats an unlawful restraint upon Richardson's freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Hammond Police Department, where he was detained in a cell.

**54.**

Then, under the color of state law, Detective Gemar, by not returning Richardson's money or otherwise accounting for it, indirectly caused the unlawful imprisonment of Richardson.

**55.**

As a direct and proximate result of the conduct of the Defendants, Richardson suffered harm and damages including but not limited to the aforesaid damages.

**56.**

Defendants Rodney Gemar and the City of Hammond are liable under the doctrine of respondeat superior.

**COUNT NINE:**

**BATTERY**

**57.**

12

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

### 58.

Without the consent of Richardson, Defendant Detective Gemar intentionally, harmfully, and offensively touched Richardson by slamming him to the concrete and choking him.

### 59.

Defendants Rodney Gemar, individually, and the City of Hammond are liable individually and under the doctrine of respondeat superior, respectively.

### COUNT TEN:

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### 60.

Plaintiff Sandra Richardson restates and realleges each allegation made above as if set forth fully herein.

### 61.

Defendants continually negligently inflicted emotional distress on the Plaintiffs.

### 62.

Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs.

### 63.

Defendants breached their duties to the plaintiffs.

### 64.

Plaintiffs never interfered with the defendants' obligations under the above-described duties.

65.

Plaintiffs suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

**66.**

Plaintiffs were, are, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

67.

Defendants Rodney Gemar, individually, and the City of Hammond are liable individually and under the doctrine of respondeat superior, respectively.

**68.**

As a result of the Defendants' negligent conduct, the Richardsons have suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

## CONTINUING JURISDICTION

69.

Plaintiff restates and realleges each allegation made above as if set forth fully herein.

70.

Due to the continuous nature of the constitutional harms alleged herein and to be shown at trial, particularly but not limited to the City of Hammond's failure to train its officers regarding the appropriate level of force and the proper use of the level of force appropriate for the situation, this Court should exercise continuous jurisdiction post-trial over the City of Hammond in order to ensure compliance with any affirmative orders of this Court which may

14

follow.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by Jury for all Counts herein.

## PRAYER FOR RELIEF

**WHEREFORE**, complainants herein, Willie Richardson and Sandra Richardson, pray

that this Honorable Court enter judgment in favor of Plaintiffs and against Defendants for

compensatory damages, punitive damages, Pre-Judgment and Post Judgment Interest, reasonable

attorney fees, court costs and other costs of these proceedings, and any other remedy, equitable

or otherwise, to which the Plaintiffs may be entitled under the facts and law applicable, including

but not limited to the continuous jurisdiction of this Court to enforce any orders the Court may

issue          during          the          course          of          this          litigation.

15

Respectfully submitted,

BROWN & DUNCAN LEGAL SOLUTIONS
Douglas D. Brown (24322)
Brett K. Duncan (29841)
500 E. Morris Street
Hammond, Louisiana  70404
985-345-0660 (Office)
985-542-2938 (Fax)
Attorney for Plaintiffs

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

09-3963

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Willie Richardson et ux

**(b)** County of Residence of First Listed Plaintiff   Tangipahoa
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brown & Duncan, 500 E. Morris
Hammond LA 70403

### DEFENDANTS
Rodney German
& City of Hammond

County of Residence of First Listed Defendant   Tangipahoa
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Andre' Coudrain

**SECT. C MAG. 5**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

*PERSONAL INJURY*
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
*Habeas Corpus:*
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:  Police Brutality

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  6-19-09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

CLOSED

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:09-cv-03963-HGB-ALC
### Internal Use Only

Richardson et al v. Gemar et al
Assigned to: Judge Helen G. Berrigan
Referred to: Magistrate Judge Alma L. Chasez
Cause: 42:1983 Civil Rights Act

Date Filed: 06/19/2009
Date Terminated: 08/31/2009
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Willie Richardson**

represented by **Douglas Daniel Brown**
Douglas D. Brown, Attorney at Law
406 W. Morris Ave.
Suite C
Hammond, LA 70403
985-310-6900
Email: dbrown@dougbrownlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Richardson**

represented by **Douglas Daniel Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rodney Gemar**
*Individually*

**Defendant**

**Hammond City**



DEFENDANT'S
EXHIBIT
G

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2009 | 1 | MOTION for Leave to Proceed in forma pauperis by Willie Richardson. Motion(s) referred to Alma L. Chasez. (Attachments: # 1 Complaint, # 2 Civil Cover Sheet)(plh, ) Modified filer on 6/29/2009 (plh, ). (Entered: 06/29/2009) |
| 06/23/2009 | 2 | ORDER re 1 MOTION for Leave to Proceed in forma pauperis filed by |

|  |  | Willie Richardson. A ruling on the pauper application of plaintiff, Willie Richardson, is deferred pending the submission of a separate pauper application from co-plaintiff, Sandra Richardson, which is to be submitted to the Court on or before July 10, 2009. Signed by Magistrate Judge Alma L. Chasez on 6/23/09.(plh, ) (Entered: 06/29/2009) |
|---|---|---|
| 07/06/2009 | 🌐 3 | EXPARTE/CONSENT MOTION for Leave to Proceed in forma pauperis by Sandra Richardson. Motion(s) referred to Alma L. Chasez. (Attachments: # 1 Proposed Order)(Brown, Douglas) (Entered: 07/06/2009) |
| 07/08/2009 | 🌐 4 | ORDER granting 1 Motion for Leave to Proceed in forma pauperis; granting 3 Motion for Leave to Proceed in forma pauperis. Signed by Magistrate Judge Alma L. Chasez on 7/8/09. (plh, ) (Entered: 07/10/2009) |
| 07/08/2009 | 🌐 5 | COMPLAINT with Jury Demand against Rodney Gemar, Hammond City filed by Willie Richardson, Sandra Richardson. (Attachments: # 1 Civil Cover Sheet)(plh, ) (Entered: 07/10/2009) |
| 07/10/2009 | 🌐 6 | Summons Issued as to Rodney Gemar, Hammond City. (plh, ) (Entered: 07/10/2009) |
| 07/10/2009 | 🌐 | (Court only) ***Staff notes - Notice of attorney maintenance for Brett K. Duncan submitted. (plh, ) (Entered: 07/10/2009) |
| 08/31/2009 | 🌐 7 | ORDER DISMISSING CASE without prejudice. Signed by Judge Helen G. Berrigan on 8/31/09.(plh, ) (Entered: 08/31/2009) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE RICHARDSON, ET AL | CIVIL ACTION |
| VERSUS | NO.  09-3963 |
| RODNEY GEMAR, ET AL | SECTION "C" |

### ORDER OF DISMISSAL

The Court having been advised by counsel for the plaintiffs that all of the parties to this action have firmly agreed upon a compromise,

IT IS ORDERED that this action be and is hereby dismissed without costs and without prejudice to the right, upon good cause shown within sixty days, to reopen the action if  settlement is not consummated.

New Orleans, Louisiana, this 31st day of August 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE